CLD-116                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3317
_____

IN RE: FREDERICK H. BANKS,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2-15-cr-00168-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 28, 2019
Before:  CHAGARES, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 1, 2019)
_____

OPINION*
_____

PER CURIAM

Frederick Banks is currently awaiting trial in the United States District Court for

the Western District of Pennsylvania on charges of interstate stalking, 18 U.S.C.

§ 2261(a)(2), aggravated identity theft, § 1028A(a)(1), making false statements,

§ 1001(a)(3), and wire fraud, § 1343.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

On October 18, 2018, Banks filed a petition for a writ of mandamus in this Court. Banks states that he previously filed in this Court a "renewed motion to dismiss" his underlying criminal case for lack of subject matter jurisdiction, but that this Court improperly converted it into a "motion for bail" and denied it.  See C.A. No. 17-3822 (order entered Apr. 20, 2018).  He also claims that he filed a similar motion in the District Court, but that the District Court improperly denied it without prejudice.  Banks now asks us to "compel[] the 17-3822 panel and the District Court . . . to adjudicate the renewed motion to dismiss, and dismiss the underlying criminal case and superseding indictment."

A writ of mandamus is a drastic remedy available in only extraordinary circumstances.  In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable."  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

We will deny Banks's petition.  First, we may not use the writ to direct a prior panel of this Court to reopen a closed appeal; an appellant may request review of a judgment entered by a court of appeals by filing a petition for writ of certiorari with the Supreme Court in accordance with its rules.[1]  See 28 U.S.C. § 1254.  Similarly, to the extent that Banks asks this Court to compel the District Court to issue a different ruling on one of his motions in the underlying criminal case, he must seek redress through the

---

[1] In any event, we have reviewed Banks's notice of appeal in C.A. No. 17-3822 and note that it does not reference a motion to dismiss for lack of jurisdiction.

Federal Rules of Civil and Appellate Procedure.  Mandamus cannot be used as a substitute for appeal.  <u>In re Diet Drugs</u>, 418 F.3d at 378–79.

Because Banks has not demonstrated that he has a clear and indisputable right to issuance of the writ, we will deny his mandamus petition.